# UNITED STATES
*v.*
# EDWIN C. LEE.

---

San Juan, Criminal, No. 559.

IMMIGRATION LAW.

Immigration Law—Act of Ship.
     1. The captain of a ship is, so far as concerns the immigration

United States v. Lee.

law, responsible for the acts of his officers in the discharge of the ship's duties, whether he personally knows of them or not.

Information—Surplusage.

2. Where an information brought by the district attorney alleges an offense, averments not required by statute will be treated as surplusage, and need not be proved. The district attorney cannot add to an offense.

Fine—Minimum.

3. Under the circumstances of this case, where the captain did not personally participate, and no serious results followed, a minimum fine is imposed.

Opinion filed December 17, 1913.

———

*Mr. W. N. Landers, United States Attorney,* for government.

*Mr. H. H. Scoville* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is tried upon a criminal information for violating § 18 of the immigration law, which says: "That it shall be the duty of the owners, officers, or agents of any vessel or transportation line . . . bringing an alien to the United States to prevent the landing of such alien in the United States at any time or place other than as designated by the immigration officers, and the negligent failure of any such owner, officer, or agent to comply with the foregoing requirements shall be deemed a misdemeanor and be punished by a fine in each case of not less than one hundred nor more than one thousand dollars, or by imprisonment for a term not exceeding one year, or by both such fine and imprisonment." [34 Stat. at L. 904, chap.

1134, U. S. Comp. Stat. Supp. 1911, p. 509.] There is another provision as to the alien himself.

1. This is tried by the court without a jury by express agreement, and with the consent of the defendant. The evidence is conflicting as to whether the captain personally saw the alien, but there is no doubt from his own evidence that, if he did not see him, he ought to have seen him, because he testified that it is the custom of firemen to harbor such people with a view of getting them to do some of their work at sea, and that it occurs very often. It is unquestionably true that the men in actual charge of that part of the ship saw the man, and put him to work, and ejected him from the ship after arriving here in the domain of the United States. The captain says that he is responsible for their acts. No decision has been brought to the attention of the court to show that he is responsible criminally for the acts of the officers of the ship; but the court is of opinion that he and his officers, for the purposes of the immigration law, are one, that there is no way of distinguishing between them. The act of any officer, civil or criminal, in the discharge of ship's duties, is the act of the captain.

2. There is a difficulty as to the wording of the information. It charges that the defendant did wrongfully, wilfully, unlawfully, negligently, and knowingly allow and permit one Mortimer Cook, an alien, then and there a person upon the English steamer Hesperides, to land at the port of San Juan, while the statute does not require the proof of anything except negligence. That is the wording of the statute, and the district attorney cannot create an offense by putting unnecessary words into a complaint or criminal information. The complaint corrects

itself in the course of its terms, anyhow, by stating that it is in violation of § 18 of the immigration law; so the court will hold that what might be considered extra or surplus allegations of the complaint do not injure the defendant in law, because they cannot add to the offense. The offense is clearly indicated.

3. On the whole, therefore, the court would hold the defendant guilty. At the same time the court does not think that this is an extreme case. It is a matter where the captain personally did not participate, on one view of the evidence, although he was fully responsible, and must be held responsible for what was done, and there were no serious results. The court will therefore, under the circumstances, impose the minimum fine of $100 and costs.